IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VERONICA ALAINE FOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:17-CV-00209-MHC |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## GENERAL MOTORS LLC'S RESPONSE
## TO PLAINTIFF'S MOTION FOR LIMITED SANCTIONS

Defendant General Motors LLC ("GM LLC") fully complied with the Court's Order dated January 18, 2019 ("Order") [Doc. 210]. The Court should deny Plaintiff's Motion for Sanctions ("Motion") [Doc. 224].

This Court's Order was straightforward. "GM must produce information about amounts paid to Exponent generally [as opposed to amounts paid to Drs. Carhart and Natarajan specifically], as requested by Fox." Order at 6. GM LLC's second supplemental responses to Plaintiff's interrogatories[1] were just as

---

[1] Although Plaintiff's Motion for Sanctions consistently refers to both Exponent, Inc. and Germane Engineering, Plaintiff's arguments apply almost exclusively to Exponent and not to Germane. That is notwithstanding the fact that the relief Plaintiff asks the Court to grant—a sanction that Plaintiff asserts is "closely tied to GM's actions" (*see* Motion at 11)—is to "bar GM from relying in any way on testimony or testing from Exponent **and Germane**." Motion at 11. Nonetheless, because Plaintiff's Motion is directed almost entirely to GM LLC's second supplemental response to Plaintiff's interrogatory for payments made to Exponent, GM LLC will address that response singularly hereinafter, unless otherwise indicated.

straightforward. In response to the Order, GM LLC served Plaintiff with a second supplement response which stated the full dollar amount paid to Exponent by or on behalf of GM LLC or General Motors Corporation within the defined ten-year scope.

Plaintiff alleges that GM LLC has "refused to comply with the Court's Order," and bases its Motion for Sanctions on four grounds: (1) GM LLC referred to itself ("GM LLC") as the entity that made the payments to Exponent, rather than including the full description of itself, General Motors Corporation, and its lawyers that Plaintiff used in the interrogatory; (2) GM LLC included "superfluous language" at the end of its response; (3) GM LLC based its response on "invoicing information available from Exponent"; and (4) GM LLC's verification is "necessarily false" because it based its responses on information from Exponent's invoices.

None of the four issues Plaintiff raises constitute grounds for any motion at all, much less a motion for sanctions. Nonetheless, Plaintiff argues that the appropriate relief is the exclusion of three of GM LLC's primary expert witnesses in this case.

## FACTUAL BACKGROUND

On April 16, 2018, Plaintiff served GM LLC with an interrogatory asking GM LLC to "state the amount of money General Motors Corporation, GM or any

2

person or entity acti[ng] on behalf of General Motors Corporation or GM, including General Motors Corporation's and GM's current or former lawyers has paid to Exponent from 1998 to date." *See* GM LLC's Second Supplemental Responses to Plaintiff's Second Continuing Interrogatories ("Exponent Interrogatory Response"), attached to Plaintiff's Motion as Exhibit A [Doc. 224-1] at 5. GM LLC timely responded to the interrogatory, objecting on the grounds that it was "not limited to information that is relevant to the subject matter involved in the pending action . . ." *Id.*

On June 29, 2018, after discussions with Plaintiff's counsel, GM LLC supplemented its answer to the interrogatory, and provided the amounts paid to its two Exponent experts in this case, Dr. Michael Carhart and Dr. Sridhar Natarajan, over the past ten years. *Id.* at 6.

On September 21, 2018, Plaintiff filed a motion to compel GM LLC to provide information related to *all* payments to Exponent Inc. for a period of twenty years, as requested in the interrogatory. [Doc. 188]. This Court ordered GM LLC to "produce information about amounts paid to Exponent generally," but denied Plaintiff's motion to the extent that the interrogatory requested 20 years of payment information, finding instead that "the ten years of information provided by GM is a reasonable time period." Order at 6, 7.

On February 8, 2019, in full compliance with the Order, GM LLC served its second supplemental response, providing Plaintiff with a list of the total dollar amounts paid to Exponent by or on behalf of GM LLC or General Motors Corporation for each year from 2009 to the date of the interrogatory in 2018.  *See* Exponent Interrogatory Response at 6–7.

Plaintiff filed her Motion on February 15, 2018 without first satisfying this Court's requirements for resolution of discovery disputes.  The Court's Standing Order required Plaintiff to first "confer[] with the respondent in a good-faith effort to resolve the dispute by agreement," and then to "contact [the Courtroom Deputy Clerk] to notify her that there is a discovery dispute."  Standing Order Regarding Civil Litigation ("Standing Order") [Doc. 4] § II.D.3.  Had Plaintiff followed those requirements, the Court would have "schedule[d] a conference call in which the Court [would have] attempt[ed] to resolve the matter without the necessity of a formal motion."  *Id.*  Instead, Plaintiff emailed GM LLC's counsel on Saturday February 9, and then filed the Motion five business days later without a response from GM LLC and without first contacting the Court.  Plaintiff's email was not a "good-faith effort to resolve the dispute by agreement," and her failure to notify the Court of the dispute was a violation of the Court's Standing Order.  Had Plaintiff complied with the Standing Order, GM LLC believes it would have been

4

able to address Plaintiff's concerns and the parties could have avoided burdening this Court with additional motion practice.

## ARGUMENT

### A. GM LLC's second supplemental response did not "omit" payments made by GM LLC, General Motors Corporation, or their lawyers on their behalf to Exponent.

In her first argument, Plaintiff alleges that GM LLC "has limited its 'compliance' with the Court's Order by identifying only *amounts paid by 'GM LLC.'*" Motion at 3 (emphases in original).[2] In other words, because GM LLC used the phrase "*GM LLC* has paid Exponent. . .", rather than a phrase that recited the full the language from Plaintiff's interrogatory (*i.e.* "*General Motors Corporation, GM or any person or entity acti[ng] on behalf of General Motors Corporation or GM, including General Motors Corporation's and GM's current or former lawyers* has paid Exponent . . ."), Plaintiff concludes that "it seems clear that payments from GM's law firms to Exponent and Germane on GM's behalf were omitted from GM's response." *Id.* at 4.

---

[2] General Motors Corporation (Old GM) designed, assembled and sold the 2004 Cadillac SRX Ultraview involved in this case. On June 1, 2009, Old GM filed for bankruptcy and no longer exists. A separate, new company was formed on July 10, 2009 and purchased the majority of assets of Old GM. The new company became General Motors LLC. General Motors LLC also accepted responsibility for certain product liability claims arising from crashes after the bankruptcy.

5

Of course, GM LLC did not omit from its response any payments to Exponent, or to Germane,³ and the amounts provided by GM LLC *do* include payments by GM LLC, General Motors Corporation, and their lawyers on their behalf within the defined ten-year scope.  GM LLC merely used the name of the party to this lawsuit as a natural, all-inclusive shorthand in responding to Plaintiff's request, <u>as it had done in each of its previous responses</u>.  *See* Exponent Interrogatory Response at 6 (Supplemental Response served June 29, 2018) ("Over the past ten (10) years, *GM LLC* has paid Exponent . . .") (emphasis added); *id.* (Response served May 3, 2018) ("*GM LLC* has from time to time retained various professionals from Exponent . . .") (emphasis added); Germane Interrogatory Response at 6 (Supplemental Response served June 29, 2018) ("Over the past ten (10) years, *GM LLC* has paid Germane Engineering . . .") (emphasis added).  Plaintiff was not confused about the meaning of GM LLC's language in those responses in May and June of last year.

Plaintiff also argues that GM LLC did not include information about the amounts paid by or on behalf of General Motors Corporation from January 1, 2009

---

³ Plaintiff's first argument is the only one of her four arguments that has any conceivable relation to the Germane interrogatory.  In its second supplemental response to that interrogatory, GM LLC similarly stated: "over the past ten years, GM LLC has paid Germane Engineering . . ."  *See* GM LLC's Second Supplemental Responses to Plaintiff's Third Continuing Interrogatories ("Germane Interrogatory Response"), attached to Plaintiff's Motion as Exhibit B [Doc. 224-2] at 6.  However, GM LLC used the same language in its first supplemental response to the same interrogatory, served in June 2018.  Plaintiff did not object to the language then.

to June 1, 2009. *See* Motion at 5 ("GM has elected to hide some of the payments during the ten year period Ordered by this Court."). GM LLC did include all such payments in its second supplemental response. Again, Plaintiff could as easily have raised that question in reaction to GM LLC's previous supplemental responses last year, but instead waited until now.

GM LLC complied promptly and completely with the Court's Order. GM LLC did not cavalierly "hide some of the payments" made to Exponent by an alleged sleight of hand as described by Plaintiff.

> **B.     GM LLC's use of explanatory language in its second supplemental response was not improper, and certainly is not sanctionable.**

Plaintiff argues that by including explanatory language in its second supplemental response, GM LLC "sought to obscure the significance of even the limited information it provided." Motion at 5. "That is GM 'thumbing its nose' at the Court." *Id.* at 6. That is simply not true.

After listing the full payment amounts to Exponent for the years 2009 through the date of the request in 2018, GM LLC included the following language at the end of its second supplemental response:

> These numbers are not limited by work performed for litigation purposes or for work in connection with any sort of lawsuit. Exponent has provided a number of different services for GM outside of the litigation context, including government/NHTSA projects related to completely different issues on completely different types of

7

>automobiles than those involved in this case. These numbers also include work performed by individuals and/or Exponent employees who have nothing to do with this case and who have performed no work related to any aspect of this case.

Exponent Interrogatory Response at 7.

There is nothing at all improper about such language, and Plaintiff cites no authority to support her contention that there is. Both cases she cites for the proposition that "answers to interrogatories should be in such form that they may be used upon trial" deal with a responding party's incorporation by reference of extraneous material into its response to an interrogatory. In other words, those cases admonish responding parties for including too little in their responses, not too much. *See Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 628 (N.D. W. Va. 2006) ("A party cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the cavalier assertion that required information can be found in this massive amount of material."); *J. J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152, 153 (S.D.N.Y. 1963) ("Incorporation by reference of portions of a deposition of a witness, much of it discursive, or of allegations of a pleading is not a responsive answer."). Neither case has anything to do with the present situation.

The case Plaintiff cites for the proposition that "GM may not attempt to limit or qualify responses" (*Harris v. Oil Reclaiming Company*) relates to requests for admissions, not interrogatories, and is therefore inapposite. *See, e.g., United States*

*ex rel. Bibby v. Mortg. Investors Corp.*, 323 F.R.D. 424, 426 (N.D. Ga. 2017) (noting that "Rule 36 is not a discovery device" and describing the differences between Rule 36 and the discovery rules as they relate to qualifying language).

Plaintiff does not even attempt to cite any authority for the proposition that GM LLC's use of what Plaintiff calls "superfluous language" is sanctionable conduct. It is not. In fact, the subject of the motion to compel that Plaintiff filed in September was that GM LLC <u>not</u> limit its response to just litigation or work performed by the experts in this case. That Plaintiff now moves for sanctions on the grounds that GM LLC has clarified in its response that it has <u>not</u> so limited its response is difficult to comprehend.

    **C.**    **GM LLC answered the interrogatory with the most reliable information available.**

Plaintiff next takes issue with the fact that the information provided by GM LLC was, in GM LLC's language, "[b]ased upon invoicing information available from Exponent." Motion at 7. Plaintiff says that means that "GM itself did not respond to the request for payment information to Exponent – at all." *Id.* Without citation to any authority, Plaintiff argues that "GM's failure to review its own records to fully respond to Plaintiff's interrogatories violates this Court's order." *Id.* at 8.

9

Plaintiff is incorrect. Far from being improper (and farther still from being sanctionable), GM LLC's reliance on the most reliable source of the requested information that was available to it was fully compliant with the Rules and the Court's Order. As Plaintiff herself observed, Exponent has about 900 employees. *See id.* at 2. No doubt, Exponent would know the names and billing histories of all of its employees better than GM LLC would. As Plaintiff further observed, "payments to Exponent . . . to assist GM in defending lawsuits are not made only by the corporation itself." *Id.* at 3. Plaintiff herself pointed out the inherent difficulty in determining "whether the payments to Exponent were made by [a law firm] or were paid directly by GM." *Id.* at 4. In fact, Plaintiff says that her "interrogatories were drafted based upon *the fact* that payments . . . are not made only by the corporation itself." *Id.* at 3 (emphasis in original). Presumably Plaintiff means that her interrogatory was drafted in such a way that the answer would not be under-inclusive. Of course, that was understandable given the fact that it called for payment information (1) for a wide variety of different kinds of services, (2) performed by any number of Exponent's approximately 900 employees, (3) for payments made by any number of payors, including outside law firms, and (4) for payments all of which—by definition of the question—were made to one payee: Exponent.

GM LLC took all reasonable steps to make certain that its response was not under-inclusive, and fully complied with the Rules and the Court's Order. *See Parrot v. Wilson*, 707 F.2d 1262, 1273 (11th Cir. 1983) (finding answers to interrogatories satisfy Rule 33 when "the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper") (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2177 (1970)).

Plaintiff attempts to argue that GM LLC's reliance on Exponent's invoicing records was inconsistent with GM LLC's past practices in responding to interrogatories, and therefore "is obviously suspect." *Id.* at 8; *see also id.* ("Plaintiff cannot imagine a benign explanation"). However, in each of the three examples Plaintiff provides, GM LLC's response was significantly more limited in scope, unlike here where GM LLC unarguably provided responsive information for *all* payments to Exponent Inc. for the full ten years. *See* Exponent Interrogatory Response at 6 (Supplemental Response served June 29, 2018) (limiting its response to payments made to Drs. Carhart and Natarajan); *Reynolds v. GM* interrogatory resp. [Doc. 188-1 at 5] (limiting its response to "work performed by Richard Keefer and Robert Larson, work performed by other individuals whom GM was reasonably able to identify as being employed by Exponent, Inc., and amounts attributed to Exponent, Inc. only"); *Collins v. GM* interrogatory resp.

11

[188-2 at 3] (limiting its response to "employees of [Exponent] identified as principal consultants"). In this case, unlike in those, GM LLC has been ordered to provide amounts paid over the past ten years for "the services of Exponent as a whole." Order at 4.

GM LLC's efforts to respond to Plaintiff's interrogatory fully relying on the best source of information available demonstrates that it has complied in full with the Court's order, and has well-satisfied its obligations under Rule 33. GM LLC clearly stated that it went to and provided responsive information from Exponent, demonstrating a conscientious endeavor to fully answer the question.

### D. GM LLC's verification is not "false."

With no citation to authority, Plaintiff argues that "[t]here is no possible way that GM can 'verify' what is stated in its supplemental responses when GM itself did not gather the information." Motion at 9. GM LLC's verification, therefore, "is necessarily false." *Id.*

To the contrary, GM LLC's authorized agent signed the verification under oath, attesting that GM LLC's second supplemental responses were true and correct. *See Dockens v. DeKalb Cty. Sch. Sys.*, No. 1:07-CV-1345-CAP/AJB, 2008 WL 11334020, at *4 (N.D. Ga. Oct. 16, 2008) ("Rule 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by furnishing such information as is

available to the party.") (quoting *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995)). GM LLC's second supplemental response expressly describes the process undertaken by GM LLC to furnish the necessary information to the corporate representative. Namely, the information provided by GM LLC was "[b]ased upon invoicing information available from Exponent." The representative therefore had a sufficient basis for signing the responses. *See Shepherd*, 62 F.3d 1469, 1482 (to respond to interrogatories in a sufficient way, a corporate representative "must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate. The representative may accomplish this through whatever internal process the corporation has chosen") (internal citations omitted); *see also Valmonte v. Galena Biopharma, Inc.*, No. 2:16-CV-180-RWS, 2017 WL 7528556, at *19 (N.D. Ga. Aug. 29, 2017).

GM LLC's second supplemental responses were true and correct, and its corporate representative's verification was proper. Plaintiff has cited no authority to the contrary, and her assertion that GM LLC's verification is "false" is unfounded.

## CONCLUSION

GM LLC has complied with the Court's Order fully. Sanctions are inappropriate. Plaintiff has violated the Court's Standing Order by filing this

13

Motion without first satisfying the requirements for resolution of discovery disputes.  GM LLC asks the Court to deny Plaintiff's Motion.

This 1st day of March, 2019.

>　　　*/s/ Benjamin S. Willson*
> C. Bradford Marsh
> Georgia Bar No.471280
> Myrece Johnson
> Georgia Bar No. 940301
> SWIFT, CURRIE, McGHEE & HIERS, LLP
> 1355 Peachtree St. N.E., Suite 300
> Atlanta, Georgia 30309
> (404) 888-6151
> brad.marsh@swiftcurrie.com
> myrece.johnson@swiftcurrie.com
>
> Michael L. Bell (*Pro Hac* Vice)
> mbell@lightfootlaw.com
> J. Chandler Bailey (*Pro Hac Vice*)
> cbailey@lightfootlaw.com
> Reid C. Carpenter (*Pro Hac Vice*)
> rcarpenter@lightfootlaw.com
> Benjamin Sanders Willson (*Pro Hac Vice*)
> bwillson@lightfootlaw.com
> LIGHTFOOT, FRANKLIN & WHITE, LLC
> 400 20th Street North
> Birmingham, Alabama 35203
> T: 205-581-0700
> F: 205-380-9169
>
> Kevin J. Malloy (*Pro Hac Vice*)
> BOWMAN AND BROOKE, LLP
> 1441 Main Street, Suite 1200
> Columbia, SC 29201
> T: 803.726.7420
> F: 803.726.7421
> kevin.malloy@bowmanandbrooke.com

Thomas M. Klein *(Pro Hac Vice)*
KLEIN THOMAS
2901 North Central Avenue, Suite 1600
Phoenix, AZ 85012
T: 692.643.2300
F: 602.248.0947
tom.klein@kleinthomaslaw.com

*Attorneys for Defendant General Motors LLC*

## **7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1 (C) and 7.1 (D), ND Ga.

This 1st day of March, 2019.

        */s/ Benjamin S. Willson*
C. Bradford Marsh
Georgia Bar No.471280
Myrece Johnson
Georgia Bar No. 940301
SWIFT, CURRIE, McGHEE & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

Michael L. Bell (*Pro Hac* Vice)
mbell@lightfootlaw.com
J. Chandler Bailey (*Pro Hac Vice*)
cbailey@lightfootlaw.com
Reid C. Carpenter (*Pro Hac Vice*)
rcarpenter@lightfootlaw.com
Benjamin Sanders Willson (*Pro Hac Vice*)
bwillson@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
T: 205-581-0700
F: 205-380-9169

Kevin J. Malloy (*Pro Hac Vice*)
BOWMAN AND BROOKE, LLP
1441 Main Street, Suite 1200
Columbia, SC 29201
T: 803.726.7420

<mark>

F: 803.726.7421
kevin.malloy@bowmanandbrooke.com

Thomas M. Klein *(Pro Hac Vice)*
KLEIN THOMAS
2901 North Central Avenue, Suite 1600
Phoenix, AZ 85012
T: 692.643.2300
F: 602.248.0947
tom.klein@kleinthomaslaw.com

*Attorneys for Defendant General Motors LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2019, I caused the attached GENERAL MOTORS LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LIMITED SANCTIONS to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing which will automatically send email notification of such filing to the following attorneys of record:

James E. Butler, Jr.
Tedra Cannella
Robert H. Snyder
Rory A. Weeks
BUTLER WOOTEN & PEAK, LLP
2719 Buford Highway
Atlanta, GA 30324
*Attorneys for Plaintiff*

William G. Hammill
KENNETH S. NUGENT, PC
227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
*Attorney for Plaintiff*

/s/ *Benjamin S. Willson*
OF COUNSEL